IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DANA WALKER**<br>**Plaintiff,** | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>**RAUSCH STURM, LLP**   § JURY TRIAL DEMANDED<br>**Defendant.**   § |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.**

**I. INTRODUCTION**

Plaintiff DANA WALKER ("Plaintiff") brings this action against Defendant RAUSCH STURM LLP ("Rausch Sturm" or "Defendant"), a debt collection law firm, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et seq. ("DTPA"). Congress enacted the FDCPA to eliminate abusive, deceptive, and unfair debt collection practices and to protect consumers from overreaching by debt collectors. Among its most fundamental protections is 15 U.S.C. § 1692c(a)(2), which prohibits a debt collector from communicating directly with a consumer when the debt collector knows that consumer is represented by an attorney.

Defendant is a law firm that expressly holds itself out as operating in "the practice of debt collection." While litigating a collection lawsuit against Plaintiff in Harris County Civil Court at Law No. 4, Defendant had actual knowledge that Plaintiff was represented by counsel, K.D. Phillips Law Firm, PLLC, yet twice directed litigation discovery documents concerning the collection of the consumer debt directly to Plaintiff at her home — bypassing her attorney of record entirely. Plaintiff's counsel first learned of these direct communications on February 9, 2026,

1

during a Zoom trial proceeding in the underlying state court action, upon reviewing the Certificates of Written Discovery filed by Defendant.

As a direct and proximate result of Defendant's willful violations of the FDCPA and DTPA, Plaintiff is entitled to actual damages, statutory damages, treble damages, attorney's fees, and costs.

## II. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's DTPA claim pursuant to 28 U.S.C. § 1367(a) because it forms part of the same case or controversy as the FDCPA claims, arising from the same nucleus of operative facts — namely, Defendant's unlawful direct communications with Plaintiff in connection with the collection of the same consumer debt.

2. Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district. Plaintiff resides in Houston, Texas, and it is to Plaintiff's Houston home address that Defendant directed the unlawful communications at issue.

3. This Complaint is filed within one (1) year of the dates on which the FDCPA violations occurred, as required by 15 U.S.C. § 1692k(d). Plaintiff's attorney first discovered the violations on February 9, 2026, during the course of a Zoom trial proceeding in the underlying state court action, upon reviewing the Certificates of Written Discovery filed by Defendant in Harris County Civil Court at Law No. 4. The violations themselves occurred on or about February 21, 2025, and March 4, 2025, each within the applicable limitations period. Plaintiff's DTPA claim is likewise timely filed within two years of discovery of the violation pursuant to Tex. Bus. & Com. Code § 17.565.

## III. PARTIES

4. Plaintiff, DANA WALKER, is a natural person who resides at 6911 Renata Circle, Houston, Texas 77084-1353. Plaintiff is a "consumer" as that term is defined under 15 U.S.C. § 1692a(3) because the alleged debt at issue arises from a Discover credit card (account ending in 7546) that was used for personal, family, or household purposes. Plaintiff has been a Discover cardmember since 2015.

5. Defendant is a limited liability partnership with its principal place of business at 300 N. Executive Drive, Suite 200, Brookfield, Wisconsin 53005. Defendant also maintains offices at 15660 N. Dallas Parkway, Suite 350, Dallas, Texas 75248, and transacts business throughout the State of Texas. Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company ("CSC"), at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6. Defendant is a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6). Defendant is a law firm that regularly collects or attempts to collect consumer debts owed to others using the mails, telephone, and other instrumentalities of interstate commerce. Defendant expressly identifies itself in its own communications and court filings as a firm acting as "attorneys in the practice of debt collection" and as a firm whose primary business purpose is the collection of consumer debts. The United States Court of Appeals for the Fifth Circuit and the United States Supreme Court have held that law firms regularly engaged in consumer debt collection litigation are "debt collectors" subject to the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291 (1995); *Natividad v. Alexsis, Inc.*, 875 F. Supp. 1233 (W.D. Tex. 1994).

7. At all relevant times, Defendant acted as a debt collector with respect to Plaintiff in connection with the collection of an alleged consumer credit card debt on behalf of Discover Bank (later designated Capital One, N.A., Successor by Merger to Discover Bank). Defendant also regularly attempt to collect consumer debts alleged to be due to another and are "debt col1ectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

### A. The Alleged Consumer Debt

8. Plaintiff, Dana Walker, is alleged to owe a debt arising from a Discover It credit card account, account number ending in 7546, issued by Discover Bank. The account has been a personal consumer credit card account since it was opened in 2015. The alleged debt constitutes a "debt" as defined by 15 U.S.C. § 1692a(5) because it arises from a transaction for personal, family, or household purposes.

9. According to Defendant's own collection correspondence, as of July 31, 2024, the alleged balance on the Discover account was $28,509.49. The account reflects an internal charge-off by Discover Bank on July 31, 2024.

10. On September 12, 2024, Defendant, Rausch Sturm LLP, sent Plaintiff a written debt collection notice letter at her home address of 6911 Renata Circle, Houston, Texas 77084-1353, bearing reference number 5109148, identifying itself expressly as follows: "Rausch Sturm LLP is a debt collector. We are trying to collect a debt that you owe to DISCOVER BANK C/O DISCOVER PRODUCTS INC." This letter was sent to Plaintiff's home address and constitutes a communication in connection with the collection of a consumer debt within the meaning of 15 U.S.C. § 1692a(2).

## B. The Underlying State Court Debt Litigation

11. On or about November 6, 2024, Defendant acting as attorney and agent for Discover Bank, filed a debt collection lawsuit against Plaintiff in the Harris County County Civil Court at Law No. 4, styled Discover Bank v. Dana Walker, Cause No. 1238908 (the "State Court Action"), seeking to recover the alleged consumer debt of $28,509.49 plus costs and interest.

12. Plaintiff retained K.D. Phillips Law Firm, PLLC, and specifically attorney Kerri Donnally Phillips (Texas Bar No. 24065906), with offices at 6010 W. Spring Creek Parkway, Plano, Texas 75024, to represent her in the State Court Action.

13. Plaintiff's counsel, K.D. Phillips Law Firm, PLLC, entered a formal appearance in the State Court Action on behalf of Plaintiff and actively participated in the litigation, including filing Defendant's Original Answer and entering as Counsel of record on December 4, 2024. Plaintiff's Counsel, K.D. Phillips Law Firm, PLLC additionally conducted written discovery, filed responsive pleadings, filed motions, and represented Plaintiff at hearings. Defendant was served with and received all filings from Plaintiff's counsel, which plainly identified K.D. Phillips Law Firm, PLLC, as Plaintiff's attorney of record, including the firm's name, address, telephone number, fax number, and email addresses.

14. At all relevant times, Defendant knew that Plaintiff was represented by an attorney with respect to the alleged consumer debt because Plaintiff's counsel had formally appeared in the very litigation that Defendant was prosecuting. Defendant had actual knowledge of the name, address, and contact information of Plaintiff's attorney, K.D. Phillips Law Firm, PLLC.

### C. Defendant's Unlawful Direct Communications with Plaintiff

15. On or about February 21, 2025, while Plaintiff was represented by counsel in the State Court Action and Defendant had actual knowledge of that representation, Defendant caused litigation discovery documents — specifically, Plaintiff's Response to Defendant's Request for Production, Plaintiff's Response to Defendant's Request for Interrogatories, and Plaintiff's Response to Defendant's Request for Admissions — to be mailed directly to Plaintiff Dana Walker at her home address of 6911 Renata Circle, Houston, Texas 77084-1353, via certified U.S. Mail (tracking number 9589 0710 5270 1860 0678 89), rather than to Plaintiff's attorney of record, K.D. Phillips Law Firm, PLLC.

16. Defendant memorialized this direct service on the consumer in a Certificate of Written Discovery filed with the Harris County Civil Court on or about February 21, 2025, which identifies the recipient of the discovery as "Dana Walker, 6911 Renata Cir, Houston TX 77084-1353" — Plaintiff's personal home address — without any reference to Plaintiff's attorney of record.

17. On or about March 4, 2025, Defendant again caused litigation discovery documents — Plaintiff's Response to Defendant's Request for Production, Plaintiff's Response to Defendant's Request for Interrogatories No. 3, and Plaintiff's Response to Defendant's Request for Admissions — to be mailed directly to Plaintiff Dana Walker at her personal home address of 6911 Renata Circle, Houston, Texas 77084-1353, via certified U.S. Mail (tracking number 9589 0710 5270 1860 1527 07), rather than to Plaintiff's attorney of record.

18. Defendant again memorialized this second direct communication on the consumer in a Certificate of Written Discovery filed with the Harris County Civil Court on or about

March 4, 2025, again identifying the recipient as "Dana Walker, 6911 Renata Cir, Houston TX 77084-1353" — bypassing Plaintiff's counsel entirely.

19. The discovery documents served directly on Plaintiff were substantive litigation documents prepared by Defendant in furtherance of its client's debt collection claim against Plaintiff, and included discovery responses crafted specifically to prove the existence and validity of the alleged consumer debt and to defeat Plaintiff's defenses. These communications were made "in connection with the collection of any debt" within the meaning of 15 U.S.C. § 1692c(a).

20. At no time did Plaintiff's attorney, K.D. Phillips Law Firm, PLLC, consent to or authorize Defendant to communicate directly with Plaintiff regarding the alleged debt.

21. At no time did any court of competent jurisdiction authorize or permit Defendant to communicate directly with Plaintiff, bypassing her counsel of record.

22. Defendant's direct communications to Plaintiff were not isolated incidents but reflected a pattern of conduct in which Defendant served litigation documents on the represented consumer rather than on her attorney, on at least two separate documented occasions within the same underlying collection action.

23. Defendant's failure to serve its discovery responses on Plaintiff's counsel also constituted a violation of the Texas Rules of Civil Procedure, Rule 21a, which requires that all documents in litigation be served on a party's attorney of record rather than directly upon the party.

### D. Damages Suffered by Plaintiff

24. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Dana Walker suffered actual damages, including but not limited to:

    a. Emotional distress, anxiety, and worry upon receiving legal litigation documents directly from the opposing debt collector, without the benefit of her attorney's guidance and interpretation;

    b. Confusion and concern regarding the status and posture of her legal defense in the State Court Action, resulting from having received litigation documents that were directed to opposing counsel's client rather than to her attorney;

    c. Time and effort expended by Plaintiff in attempting to understand and respond to complex legal discovery documents that she received directly from the opposing debt collector;

    d. Loss of the protection afforded to represented parties by the FDCPA and the Texas Rules of Civil Procedure, specifically the protection against a debt collector communicating directly with a represented consumer; and

    e. Such other actual damages as may be established by the evidence at trial.

## V. CAUSES OF ACTION

**COUNT ONE: Violation of 15 U.S.C. § 1692c(a)(2) — Communication with a Represented Consumer**

25. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

26. The FDCPA provides, at 15 U.S.C. § 1692c(a)(2), that a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the

attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

27. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3). The Discover credit card debt is a debt within the meaning of 15 U.S.C. § 1692a(5).

28. Defendant had actual knowledge that Plaintiff was represented by an attorney with respect to the consumer debt at issue because Plaintiff's counsel had formally appeared as attorney of record in the State Court Action and was actively litigating on Plaintiff's behalf, and Defendant was receiving filings and correspondence from Plaintiff's attorney throughout the pendency of the litigation.

29. Defendant had knowledge of, and could readily ascertain, Plaintiff's attorney's name, address, and contact information, as that information appeared on every pleading and filing submitted by K.D. Phillips Law Firm, PLLC in the State Court Action.

30. Plaintiff's attorney did not fail to respond to communications from Defendant within a reasonable period of time, and Plaintiff's attorney did not consent to Defendant communicating directly with Plaintiff.

31. Defendant communicated directly with Plaintiff concerning the collection of the consumer debt, in connection with litigation brought to collect that debt, by serving discovery documents directly on Plaintiff at her home address on at least two occasions — on or about February 21, 2025 and March 4, 2025 — in knowing violation of 15 U.S.C. § 1692c(a)(2).

32. Defendant's violations of 15 U.S.C. § 1692c(a)(2) were knowing and willful, as Defendant had actual knowledge of Plaintiff's legal representation and chose to serve its discovery materials directly on the consumer rather than on her counsel of record.

33. As a result of Defendant's violations of 15 U.S.C. § 1692c(a)(2), Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**COUNT TWO: Violation of 15 U.S.C. § 1692f — Unfair or Unconscionable Means**

34. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

35. The FDCPA provides, at 15 U.S.C. § 1692f, that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

36. Defendant's conduct in knowingly communicating directly with a consumer it knew to be represented by an attorney — circumventing the protection afforded to that consumer by legal counsel and the FDCPA — constitutes the use of unfair and unconscionable means to collect or attempt to collect the alleged debt.

37. Specifically, Defendant's practice of serving litigation discovery documents directly upon a represented consumer, rather than upon her attorney, deprived Plaintiff of the guidance and protection of legal counsel in reviewing and responding to those materials, and subjected Plaintiff to the type of coercive and confusing contact that the FDCPA was designed to prevent.

38. As a result of Defendant's violations of 15 U.S.C. § 1692f, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages up to $1,000.00 pursuant

to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

39. As a result of this violation of the FDCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VI. CLAIM FOR RELIEF UNDER THE TEXAS DECEPTIVE TRADE PRACTICES ACT

40. Plaintiff incorporates paragraphs 1 through 39 above.

41. Defendant violated the DTPA by engaging in false, misleading, and deceptive acts and practices and unconscionable actions or courses of action in connection with the collection of a consumer debt, in violation of Tex. Bus. & Com. Code § 17.46(b) and § 17.50(a)(3). Specifically, Defendant knowingly communicated directly with a represented consumer — bypassing her attorney of record — on at least two occasions in connection with the collection of the alleged consumer debt, constituting an unconscionable action or course of action that, to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, and experience in legal matters to a grossly unfair degree.

42. Plaintiff has satisfied the notice provisions of Tex. Bus. & Com. Code § 17.505(b). Pursuant to § 17.505(b), written notice of this DTPA claim was provided to Defendant by email to its counsel of record more than sixty (60) days prior to the filing of this lawsuit, advising Defendant of Plaintiff's specific complaint and the amount of actual damages and expenses, including attorney's fees, reasonably incurred by Plaintiff as a result of Defendant's conduct.

43. Defendant's violations of the DTPA were committed knowingly, in that Defendant had actual knowledge at the time of the conduct that its direct communications to Plaintiff contravened

Plaintiff's rights as a represented consumer. Accordingly, Plaintiff is entitled to an award of up to three times the amount of actual damages pursuant to Tex. Bus. & Com. Code § 17.50(b)(1).

44. As a result of Defendant's violations of the DTPA, Defendant is liable to Plaintiff for restoration of money or property acquired by means of the unlawful conduct, actual damages, up to three times actual damages for knowing conduct, court costs, and reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(b) and § 17.50(d).

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendant and grant the following relief:

(a) A declaration that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et seq.;

(b) Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1) and Tex. Bus. & Com. Code § 17.50(b);

(c) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(d) Treble damages for Defendant's knowing violations of the DTPA pursuant to Tex. Bus. & Com. Code § 17.50(b)(1);

(e) Reasonable and necessary attorney's fees and all costs of this action pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Bus. & Com. Code § 17.50(d);

(f) Pre-judgment and post-judgment interest as permitted by law; and

(g) Such other and further relief as this Court deems just, proper, and equitable.

## VII. DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable in this action.

        Respectfully submitted,
        K.D. PHILLIPS LAW FIRM, PLLC

By: /s/Mark Roberts
    Mark Roberts, Esq. Of Counsel
    Texas Bar No. 17013775
    Email: notice@KDphillipslaw.com

    Kerri Phillips, Esq.
    Texas Bar No. 24065906
    Email: kerri@KDphillipslaw.com
    6010 W. Spring Creek Parkway
    Plano, Texas 75024
    Phone: (972) 327-5800
    Fax: (940) 400-0089
    For Service of Filings:
    notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026, a true and correct copy of the foregoing Plaintiff's Original Complaint has been served upon Defendant RAUSCH STURM LLP by serving its Registered Agent as follows:

Rausch Sturm LLP
c/o Registered Agent
CSC
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

/s/ Mark Roberts                                                                                         Date: March 3, 2026
**MARK ROBERTS**